UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 13-46759

SHARREEN HARDY, *pro se*,  Chapter 7

    Debtor.  Judge Thomas J. Tucker
_____/

SHARREEN HARDY, *pro se*,

    Plaintiff,

v.  Adv. Pro. No. 13-4761

WELLINGTON PLACE MANOR,

    Defendant.
_____/

**OPINION REGARDING DEFENDANT'S MOTION
TO DISMISS ADVERSARY PROCEEDING**

This adversary proceeding is before the Court on Defendant's motion to dismiss Plaintiff's complaint (Docket # 5, the "Motion"). The Court concludes that a hearing on the Motion is not necessary, and that the Plaintiff's complaint must be dismissed, but for reasons other than those argued in the Motion.

The claims that Plaintiff is asserting in this adversary proceeding all arose before she filed her pending Chapter 7 bankruptcy case. As a result, all of the claims are currently property of the bankruptcy estate in the Chapter 7 case. This means that unless and until the Chapter 7 Trustee abandons these claims under 11 U.S.C. § 554, only the Chapter 7 Trustee has standing and authority to pursue these claims. *See, e.g., Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012); *In re Stinson*, 221 B.R. 726, 729, 731 & n.3 (Bankr. E.D. Mich. 1998).

Plaintiff has not claimed any exemption in the claims,[1] and the Chapter 7 Trustee has not abandoned the claims. Therefore, only the Chapter 7 Trustee may prosecute the claims, and Defendant's continuing prosecution of these claims would violate the automatic stay, under 11 U.S.C. § 362(a)(3). *See Stinson*, 221 B.R. at 730-31.

For the reasons stated above, the Court will enter an Order granting Defendant's Motion and dismissing this adversary proceeding.

**Signed on August 30, 2013**          **/s/ Thomas J. Tucker**
                                       **Thomas J. Tucker**
                                       **United States Bankruptcy Judge**

---

[1] *See* Debtor's Amended Schedule C (Docket # 45 in Case No. 13-46759, at pdf p. 8).